## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

PMC MARKETING CORP

CASE NO.  09-02048

Chapter  11

Adversary No. 12-00084

Debtor(s)

NOREEN WISCOVITCH RENTAS

Plaintiff

vs.

JTP DEVELOPMENT

Defendants

**FILED & ENTERED ON 07/19/2013**

## OPINION AND ORDER

Plaintiff filed this adversary proceeding on March 2, 2012, and the summons were issued

four days later on March 6, 2013. On August 17, 2013, Plaintiff requested new summons and an

additional sixty (60) days to serve Defendant, JTP Development, due to the fact that the first

summons were not served until May 10, 2012, well outside the fourteen (14) days required by

Fed.R.Bankr.P., Rule 7004(e). The court granted this request on August 20, 2012 [Dkt. No's 8 & 9].

On November 2, 2012, Plaintiff once again requested that the court issue new summons stating that

the previous summons sent by certified mail had been returned unopened. The court denied the

request and entered an Order to Show Cause to the Plaintiff as to why the adversary should not be

dismissed for failure to comply with Fed.R.Civ.P., Rule 4(m) [Dkt. No.'s 15 & 16]. The Plaintiff timely replied [Dkt. No. 19]. In that Reply, the Plaintiff argued that (1) this Court should extend the 120-day deadline because the summons mailed on September 5, 2012 had been returned unopened on September 20, 2012; (2) there would be no prejudice to the Defendant by the granting of this extension; and (3) such action would be time barred if this instant case was dismissed.

Pursuant to Fed.R.Civ. P. Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if* the plaintiff shows *good cause* for the failure, the court *must* extend the time for service for an appropriate period…."  Rule 4(m) effectively "encourages efficient litigation by minimizing the time between commencement of an action and service of process." Electric Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 311 (9th Cir.1992) (addressing former Fed.R.Civ.P. 4(j)).

Pursuant to Fed.R.Bankr. P. 7004(e), "[s]ervice made under Rule 4(e), (g), (h)(1), (i), or (j)(2) F.R.Civ.P. shall be by delivery of the summons and complaint within 14 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 14 days after the summons is issued. *If a summons is not timely delivered or mailed, another summons shall be issued and served*…." (emphasis added).

In this instant case, this Court granted Plaintiff's first request for new summons with a 60-day extension to the Plaintiff to properly serve the Defendant on August 20, 2012. However, as of November 2, 2013, Plaintiff had yet to effect service on the Defendant. Thus, Plaintiff plainly failed to timely serve these defendants. The question this Court must address becomes whether plaintiff has

2

shown good cause for his untimeliness and if not, whether dismissal or an extension of time is appropriate. Therefore, if good cause is shown, the plaintiff is entitled to a mandatory extension. Mann v. American Airlines, 324 F.3d 1088, 1090 n. 2 (9th Cir.2003); Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir.2007).  At the minimum, however, good cause means excusable neglect. Goldstein v. Faulkner Hosp., CA 12-11974-DPW, 2013 WL 2149682 (D. Mass. May 14, 2013); Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir.1991). However, inadvertent error or ignorance of such governing rules by itself will not be suffice to excuse a litigant's failure to effect timely service. Id; Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir.1992).  Therefore, good cause typically means that service had been attempted but cannot be completed because plaintiff is either confused about the requirements of service or that plaintiff cannot service the defendant because of factors beyond her control. Mateo v. M/S Kiso, 805 F.Supp. 792, 795 (N.D.Cal.1992). In Plaintiff's opposition, she did not adequately explain, let alone provide good cause, why she did not serve the Defendant prior to the expiration of the first extension, or why there was a lapse of forty-three (43) days, from September 20, 2012 to November 2, 2012, before Plaintiff moved the court for a second extension of time to serve.

Rule 4 calls for substantial compliance in order for this Court to uphold service of process, even when a defendant has received actual notice. See Precision Etchings & Findings v. LGP Gem, Ltd., 953 F.2d 21, 24 (1st Cir.1992); Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982); Collagen Nutraceuticals, Inc. v. Neocell Corp., 2010 WL 3719101, at *1 (S.D.Cal. Sept.20, 2010). Substantial compliance thus mandates that compliance be found in instances where the service barely missed the mark of complete compliance. See, e.g., Tyson v. City of Sunnyvale, 159 F.R.D. 528, 530

(N.D.Cal.1995) (service 121 days after filing of the complaint constituted "substantial compliance" with Rule 4(m)). In this instant case, Plaintiff did not present evidence demonstrating the cause for her delay, and such delay based on pure neglect is not consistent with substantial compliance. Therefore, because Plaintiff did not substantially comply with Rule 4(m), and the facts presented were insufficient to justify a good cause, an extension of time to cure the insufficient service is not mandatory under Rule 4(m). As such, the adversary proceeding is DISMISSED forthwith.

WHEREFORE, IT IS ORDERED

In San Juan, Puerto Rico this 19th day of July, 2013.

Brian K. Tester
U.S. Bankruptcy Judge